UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2022 DEC -9 PM 2:55

ELIAS FEUER

_____

_____

Write the full name of each plaintiff.

\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**LAUREN M. McFERRAN, CHAIRMAN**
**NATIONAL LABOR RELATIONS BOARD**

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?
☐ Yes   ☐ No

~~22 CV 1043~~

22 CV 10433

**EMPLOYMENT DISCRIMINATION COMPLAINT**

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| ELIAS | | FEUER |
|---|---|---|
| First Name | Middle Initial | Last Name |

975 PARK AVENUE
_____
Street Address

| NEW YORK | NY | 10028 |
|---|---|---|
| County, City | State | Zip Code |

| (917) 273-4085 | feuer.elias@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:
LAURA M. McFERRAN, NATIONAL LABOR RELATIONS BOARD
Name
1015 HALF STREET SE
Address where defendant may be served

| WASHINGTON, DC | | 20003 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City              State              Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:
NLRB, DIVISION OF JUDGES
_____
Name
26 FEDERAL PLAZA, SUITE 41-120
_____
Address
NEW YORK, NY                              10278
_____
County, City              State              Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

  The defendant discriminated against me because of my (check only those that apply and explain):

  ☐ race: _____

  ☐ color: _____

  ☐ religion: _____

  ☐ sex: _____

  ☐ national origin: _____

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: __1953__

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

- ☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☒ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See Attached Statement of Facts

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?   DECEMBERR 29, 2016

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?   SEPTEMBER 12, 2022

When did you receive the Notice?   SEPTEMBER 15, 2022

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☒ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 12-9-22 | Elias Feuer |
|---|---|
| Dated | Plaintiff's Signature |

| ELIAS | | FEUER |
|---|---|---|
| First Name | Middle Initial | Last Name |

975 PARK AVENUE
Street Address

| NEW YORK | NY | 10028 |
|---|---|---|
| County, City | State | Zip Code |

| (917) 273-4085 | feuer.elias@gail.com |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

## STATEMENT OF FACTS

In October 2016, there were two ALJ vacancies that were filled in the Manhattan office of the National Labor Relations Board. The selection committee narrowed its search down to three candidates, myself aged 63.5, and two others, both aged 48. My qualifications demonstrated by the breadth of my experience and professional accomplishments vastly exceeded those of the two younger candidates, both of whom were instead selected. In addition to being more qualified than both selectees, one of the two was ineligible to be considered for the vacancy. Ineligible because he failed to meet the minimum Mandatory Requirements set forth in the job posting. This selectee, Benjamin Green, in a related MSPB action, was found by the United States Appeals Court for the Federal Circuit to have failed to meet a Mandatory filing requirement, and to have been ineligible to be considered for the job vacancy. The Court of Appeals finding of ineligibility is res judicata in this matter.

in a telephone call with the Chairman of the NLRB on October 17, 2016, I challenged my non appointment on multiple grounds, including age discrimination. The Chairman passed my concerns on to the Chief ALJ who was the selecting officer. The Chief ALJ, in a private memo, withheld from me, in violation of the Agency's discovery obligation during my whistleblowing litigation before the MSPB, and not supplied to me until after the Court of Appeals Order was finalized, stated that based on my whistleblowing activity, I had demonstrated a defect in character, that "disqualified" me from ever being appointed as an NLRB ALJ.

After my initial whistleblowing contact with the NLRB Chairman, I learned that Benjamin Green, one of the two selectees, was ineligible to compete for a position because he did not satisfy the minimum service requirement to fill the ALJ vacancy. After I shared this additional, critical fact with the Chairman on October 24, and on October 28, with the NLRB Inspector General who intervened on my behalf with the Chief ALJ, the NLRB withdrew its conditional offer to Green. Both Green and I were advised by the Deputy General Counsel, now the General Counsel of the NLRB, that the second New York vacancy would be re-posted, and that we both would be free to compete for that appointment. A few days later, I wrote Agency counsel that in view of Green's conditional offer being revoked, as the third finalist for the position, I should be appointed. Secondarily, I challenged the legality of the re-posting which I called out for what it was, a backdoor effort to cure Green's service ineligibility. Within hours of my protest, the Agency responded by nixing the planned re-posting. Instead of appointing me, the Agency revived the appointment of the younger, ineligible and demonstrably less qualified selectee whose conditional offer it had recently nixed, making a firm job offer to him on the basis of his defective application.

The Vacancy Announcement established a set of rating criteria that would be reviewed in ranking the potentail selectees. No objective criteria were established or applied in weighing candidate qualifications in these rating areas. References were solicited from candidates, but references were selectively contacted. While all of Green's were contacted, only a reference that we had in common was contacted. The most prominent reference of mine not contacted was the Honorable John Dearie. Both selected candidates were interviewed. I was not. The

Agency's Merit Promotion Plan which definitively urges that candidates be interviewed was ignored.

In addition to its initial discriminatory failure to hire me, once the NLRB became aware that I was challenging their illegal conduct, including its legally presumptive age discrimination, it escalated it underlying discrimination by deciding to blacklist me from ever being hired as an ALJ. The decision to blacklist was made in advance of me placing the Agency on notice that I knew it had made a conditional offer to hire ineligible candidate Green. After the Agency properly rescinded its conditional offer to Green, its failure to offer me the vacancy was not only retaliatory, but was a continuing violation of its obligation to hire me who by any measure was the most qualified candidate, and who by the measure of the hiring committee was no worse than the next most eligible candidate. The Agency's subsequent retaliatory conduct in revoking its recission of its conditional offer to Green was an additional, related, and independent act of age discrimination which requires adjudication and the issuance of an appropriate remedy.

In addition to ordering the NLRB to hire me, the Court should act as a Court of Equity, and impose monetary damages against the Agency in an amount of not less than $1 million. By having illegally failed to appoint me, the Agency has already deprived me of six years of experience in adjudicating labor law cases, my field of practice for 32.5 years, diminishing my credentials for a post-retirement career as an arbitrator, mediator and someone overseeing complex labor litigation.

# Section 1-a

# Formal Complaint

**ELIAS FEUER**
**975 PARK AVENUE**
**NEW YORK, NEW YORK 10028**

December 24, 2016

Brenda Valentine Harris
Director, Office of Equal Employment Opportunity
National Labor Relations Board
1015 Half Street, SE, Room 3044
Washington, DC 20570

Dear Ms. Harris:

I was a candidate for one of the two administrative law positions that was recently filled in the Manhattan office through USA Job Announcement No. NL16MP1727123SA. This letter constitutes my Complaint in support of my age discrimination claim against the NLRB for failing to hire me for one of the two Manhattan ALJ vacancies. Counseling efforts by Rosetta B. Lane of your office have failed to resolve the discriminatory failure to appoint me as an NLRB ALJ.

I am 63.5 years old. I was denied an appointment to one of two ALJ openings that were filled by two men who were 15 or more years younger than I. The totality of the evidence leads to the conclusion that but for my advanced age, given my superior qualifications, I would have been selected for one of these two spots.

In order to achieve this act of discrimination, among other things, the Board engaged in multiple prohibited practices, including violations of 5 U.S.C. Sec. 2302(b)(6) and (7) to ensure that a younger candidate, Benjamin Green, was appointed to join his father, sitting ALJ Raymond P. Green, in the Manhattan office.

Benjamin Green was per se ineligible to be considered with the applicant pool for this posting, but that fact was ignored in making his appointment. The job posting states as a **MANDATORY QUALIFICATION** that applicants in order to be eligible for consideration must have served "at the ALJ-3 level or above for at least one year." On the application deadline date, August 16, 2016, Benjamin Green had not served one year as an ALJ. In addition, his appointment was achieved by acts of unlawful nepotism.

Standard Board hiring procedures were disregarded in the selection process. For example, I was not given an interview, none of my references were contacted, and my current supervisor, the Hearing Office, Chief Administrative Law Judge, Selwyn Walters, of the Bronx Social Security Administration ODAR office where the two selected applicants and I worked, was never contacted. In fact, based

upon my experience and my accomplishments, both publicly and internally acknowledged by the NLRB, I was far more qualified than either of the younger men appointed to the open positions. Chairman of the Board Mark Pearce, with whom I shared some of my concerns, including age discrimination, by telephone on October 17, advised me that I could only be hired to remedy the alleged discrimination against me if one of the two Manhattan offers was rescinded.

In fact, such a rescission did occur after the Board acknowledged that Benjamin Green, one of the appointees, was ineligible to be considered for the position to which he had been appointed. At that point, standard Board procedure would have dictated that the next most eligible candidate be offered the unfilled vacancy. Given that I was the most qualified candidate in the first instance, one would have expected that the Board would have offered me the position that was now available. Instead, several days later, the Board chose to continue, and compound, its discrimination against me by re-offering the position to ineligible and younger candidate Benjamin Green. In order to further its discriminatory purpose, the Board action was again tainted by nepotism.

That the NLRB selected two candidates who are at least 15 years younger than me, one of whom was not eligible for consideration and whose appointment and subsequent re-appointment are transparent acts of nepotism in service of age discrimination, speaks volumes.

I request that the EEO office of the NLRB make a finding that I was denied appointment as an ALJ because of age discrimination and as a remedy direct the Board to offer me an appointment to an ALJ position in the Manhattan office.

Respectfully submitted,

Elias Feuer

917 273-4085
feuer.elias@gmail.com

Section 1-a
Page 3 of 4

RECEIVED
EEO

2016 DEC 29  PM 2: 49

EQUAL EMPLOYMENT
OPPORTUNITY
OFC OF THE GENERAL COUNSEL

0017

# EEOC NOTICE OF RIGHT TO SUE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Elias Feuer a/k/a
Mario L.,[1]
Complainant,

v.

Lauren M. McFerran,
Chairman,
National Labor Relations Board,
Agency.

Appeal No. 2021003992

Hearing No. 520-2020-00300X

Agency No. NYJ-17-07

## DECISION

On July 7, 2021, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's June 7, 2021, final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. For the following reasons, the Commission AFFIRMS the Agency's final order.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as an Administrative Law Judge at the Social Security Administration. On December 24, 2016, Complainant filed an EEO complaint alleging that the Agency discriminated against him on the basis of age (63) when he was not selected for one of two Administrative Law Judge openings in New York City, New York.

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of his right to request a hearing before an Equal Employment Opportunity Commission Administrative Judge (AJ).

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Complainant initially requested a hearing with an AJ, but the request was dismissed without prejudice on December 6, 2018. On March 10, 2020, Complainant submitted an additional request. On June 24, 2020, the Agency timely filed a Motion for Summary Judgment (Motion). Despite Complainant's reply motions, on April 29, 2021, the AJ issued a Decision and Order Dismissing Complaint granting the Agency's Motion. After a thorough, comprehensive, and independent review of the evidence, including evidence provided during record supplementation and dispositive motion briefing, the AJ adopted and incorporated the Agency's Undisputed Material Facts. The AJ found that there were no outstanding issues of material fact in dispute and that Complainant failed to proffer sufficient evidence that the Agency's articulated reasons for the non-selection were pretext.

The Agency subsequently issued a final order adopting the AJ's finding that Complainant failed to prove that the Agency subjected him to discrimination as alleged.

On appeal, Complainant argues that the Agency falsely declared that even if the Selectee was not chosen another higher ranked candidate (Candidate) would have been. He claims that the Candidate was not considered for the vacancy and did not apply for the vacancy.[2] As such, Complainant believes this supports his contention that the Agency engaged in pretextual discrimination. Complainant also argues that he did in fact participate in administrative hearings after 2007 and served as a mentor and trial supervisor.

In response, the Agency reiterates its arguments for summary judgment.

In rendering this appellate decision, we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, de novo. See 29 C.F.R. § 1614.405(a) (stating that a "decision on an appeal from an Agency's final action shall be based on a de novo review..."); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9 § VI.B. (Aug. 5, 2015) (providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

The record reflects that the Selecting Officials chose from the candidates based on the best writing samples, judicial temperament, relevant experience, and endorsement of high-level Agency management. As to Complainant's non-selection, the Agency shared that Complainant's writing samples were not impressive, his temperament was not well-suited to the position, his recent work history was largely niche, and his work was not regarded as highly as other candidates. As stated by the AJ in their decision, at the heart of Complainant's non-selection was not his eligibility for the position itself, but his perceived lacking qualifications.

---

[2] Complainant argues that the Candidate applied for a related vacancy announcement in Washington, D.C., not New York City.

Complainant has not, on appeal or throughout the discovery process, highlighted any evidence which would cast doubt on the legitimacy of the Agency's articulated reasons for his non-selection. Furthermore, Complainant has not pointed to any genuine disputes of material facts which would undermine the issuance of the AJ's summary judgment decision.

Upon review of the AJ's summary judgment decision, the arguments on appeal, and the record as a whole, we find that the AJ decision accurately recounted the relevant material facts and identified the legal standard for granting summary judgment. The AJ correctly determined that the record was sufficiently developed, and that Complainant failed to establish a genuine dispute of material fact. Accordingly, the AJ properly issued a decision without a hearing.

We also agree that the AJ's decision correctly identified the legal standards for Complainant to prove that she was subjected to discrimination based on age. Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at

https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

5                                                                       2021003992

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations

September 12, 2022
Date

6                                                                        2021003992

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was provided to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Elias Feuer
975 Park Avenue
New York, New York 10028
Via U.S. Mail


Brenda V. Harris, EEO Director
National Labor Relations Board
Via FedSEP


September 12, 2022
Date

_____
Compliance and Control Division