DAMIAN WILLIAMS
United States Attorney
Southern District of New York
By:   REBECCA L. SALK
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2614
E-mail: Rebecca.Salk@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELIAS FEUER,<br><br>                              Plaintiff,<br><br>- v -<br><br>LAUREN M. McFERRAN, Chairman, National Labor Relations Board,<br><br>                              Defendant. | 22 Civ. 10433 (JHR)<br><br>**ANSWER** |

Defendant Lauren M. McFerran, Chairman of the National Labor Relations Board (the "NLRB"), by and through her attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answers the Complaint (ECF No. 1) ("Complaint") of *pro se* Plaintiff Elias Feuer ("Plaintiff"), on information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Section I.A of the Complaint regarding Plaintiff's addresses, phone numbers, and email address.

2. Admit the allegation in Section I.B. of the Complaint that Lauren M. McFerran is the named defendant in this action and is sued in her official capacity.

3. Admit the allegation contained in Section II of the Complaint.

4. The allegations contained in Section III.A of the Complaint consist of a statement of jurisdiction and legal conclusions, to which no response is required. To the extent a response is required, denies the allegations contained in Section III.A of the Complaint.

5. Denies the allegations contained in Section IV.A of the Complaint.

6. Admits the allegations in Section V of the Complaint, except denies information knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff received the Notice of the Right to Sue from the EEOC on September 15, 2022.

7. Section VI of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, deny that Plaintiff is entitled to the relief that she seeks or to any relief.

Defendant further answers the unnumbered paragraphs labeled "STATEMENT OF FACTS" in an Attachment to the Complaint on information and belief as follows:

8. Admits the allegation in sentence 1 of Paragraph 1 of the Complaint that there were two ALJ vacancies that were filled in the Manhattan office of the NLRB in October 2016.

9. Denies the allegation in sentence 2 of Paragraph 1 of the Complaint, and avers that the selection committee recommended seven applicants, and five positions were authorized to be filled.

10. Denies the allegation in sentence 3 of Paragraph 1 of the Complaint.

11. Denies the allegation in sentence 4 of Paragraph 1 of the Complaint that Plaintiff was more qualified than "both selectees"; denies that Benjamin Green was ineligible to be considered for the ALJ position at that time, and avers that the NLRB and the Office of Personnel

Management ("OPM") made a determination that Green was eligible within the meaning of OPM's requirements.

12. Denies the allegation in sentence 5 of Paragraph 1 of the Complaint that Green was ineligible because he failed to meet the minimum requirements set forth in the job posting, and avers that the NLRB and OPM made a determination that Green was eligible within the meaning of OPM's requirements.

13. Denies the allegation in sentence 6 of Paragraph 1 of the Complaint that Green failed to meet a mandatory requirement set forth in the job posting, but admits that the NLRB's eligibility determination was later overturned by the United States Appeals Court for the Federal Circuit.

14. The allegations in sentence 7 of Paragraph 1 of the Complaint consist of legal conclusions, to which no response is required.

15. Admits the allegations in sentence 1 of Paragraph 2 of the Complaint.

16. Admits the allegations in sentence 2 of Paragraph 2 of the Complaint.

17. Denies the allegations contained in sentence 3 of Paragraph 2 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of Paragraph 3 of the Complaint.

19. Denies the allegations contained in sentences 2 through 7 of Paragraph 3 of the Complaint.

20. Admits the allegation in sentence 1 of Paragraph 4 of the Complaint.

21. Denies the allegations in sentences 2 through 7 of Paragraph 4 of the Complaint.

22. Denies the allegations contained in sentences 1 through 3 of Paragraph 5.

23. Sentence 4 of Paragraph 5 contains legal conclusions, to which no response is required. To the extent a response is required, denies the allegations contained in this sentence.

24. Sentence 1 of Paragraph 6 contains Plaintiff's claim for relief, to which no response is required. To the extent a response is required, denies that Plaintiff is entitled to the relief that he seeks or to any relief, and avers that Plaintiff's monetary damages are limited to those permitted under 29 U.S.C. §§ 621, *et seq.*

25. Denies the allegations contained in sentence 2 of Paragraph 6.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

Plaintiff was not unlawfully discriminated against on the basis of any protected characteristic, including race, religion, national origin, or age, nor was he unlawfully retaliated against based on participation in any protected activity.

## SECOND DEFENSE

Any actions taken by Defendant, her agents, or her employees were motivated by legitimate, non-discriminatory, and non-retaliatory reasons that were not pretextual.

## THIRD DEFENSE

Plaintiff has failed to establish a prima facie case of discrimination or retaliation under 29 U.S.C. §§ 621, *et seq.*

## FOURTH DEFENSE

Defendant, her agents, and her employees acted at all times in accordance with all relevant statutes, rules, and regulations.

## FIFTH DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## SIXTH DEFENSE

To the extent the allegations in the Complaint are outside the scope of the administrative charges filed by Plaintiff, Plaintiff has failed to exhaust his administrative remedies.

## SEVENTH DEFENSE

To the extent the allegations in the Complaint are part of administrative charges that are still pending before the EEO, any such claims are premature and Plaintiff has failed to exhaust his administrative remedies.

## EIGHTH DEFENSE

To the extent Plaintiff failed to exhaust all available administrative remedies properly, as required by the applicable statute and regulations, this action is barred in whole or in part.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, claim preclusion, and/or collateral estoppel based on a prior civil action filed by Plaintiff. *See Jain v. U.S. Postal Serv.*, No. 18 Civ. 4446 (PAE) (SDA) (S.D.N.Y. May 18, 2018) and *Jain v. U.S.A.*, No. 22 Civ. 297 (Ct. Fed. Cl.).

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that they were not timely filed and pursued.

### ELEVENTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### TWELFTH DEFENSE

Plaintiff's damages are limited to those damages permitted under 29 U.S.C. §§ 621, *et seq*.

### THIRTEENTH DEFENSE

Plaintiff is barred from recovering against Defendant in her individual capacity.

### FOURTEENTH DEFENSE

Plaintiff has failed to demonstrate and/or mitigate his damages.

Defendant may have additional defenses that are not known at this time but may become known through discovery. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated: March 16, 2023
New York, New York

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
    *Attorney for Defendant*

By:    /s/ *Rebecca L. Salk*
      REBECCA L. SALK
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel.: (212) 637-2614
      E-mail: Rebecca.Salk@usdoj.gov