**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

| | | |
|---|---|---|
| ELIAS FEUER, | : | 22 CIV 10433 |
| | : | (JW) |
| Plaintiff, | : | |
| | : | |
| against | : | **STIPULATION AND** |
| | : | **PROTECTIVE ORDER** |
| LAUREN M. McFERRAN, | : | |
| | : | |
| | : | |
| Defendant. | : | |

------------------------------------X

WHEREAS, Plaintiff Elias Feuer and Defendant Lauren M. McFerran, Chairman of the National Labor Relations Board (together, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as Subject to Protective Order if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information, or records that are subject to the Privacy Act, 5 U.S.C. § 552a(b). Information and documents designated by a party as Subject to Protective Order will be stamped "Subject to Protective Order."

2. The disclosed discovery material designated Subject to Protective Order will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of Subject to Protective

      Order, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that discovery material designated Subject to Protective Order disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the discovery material designated as Subject to Protective Order.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as Subject to Protective Order" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including the mediator, or other person having access to any discovery material designated as Subject to Protective Order by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the discovery material designated Subject to Protective Order to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "Subject to Protective Order" shall not constitute a waiver of the right to designate such document or information as Subject to Protective Order. If so designated, the document or information shall thenceforth be treated as Subject to Protective Order and subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall

        immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "Subject to Protective Order" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, discovery material designated subject to Protective Order and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Subject to Protective Order if otherwise required by law or pursuant to a valid subpoena.

12. Nothing herein shall prevent the disclosure of materials designated to be Subject to Protective Order to government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

13. Nothing herein shall prevent the Government from disclosing material designated to be Subject to Protective Order to the extent required by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In the event that the Government determines that materials designated as Subject to the Protective Order is required to be produced under FOIA, the United States shall provide the producing party with written notifications at least 14 days prior to the production of such materials.

SO STIPULATED AND AGREED.

_/s/ Elias Feuer_     _/s/ Rebecca L. Salk_

Dated: November 6, 2024        Dated: November 6, 2024

SO ORDERED.

_Jennifer E. Willis_
JENNIFER E. WILLIS, U.S.M.J.

Dated: November 8, 2024

New York, New York

## Agreement

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as Subject to Protective Order. I have been informed that any such documents or information labeled "Subject to Protective Order" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)